UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RSS WFCM2020-C55 – MI
RHM, LLC,

        Plaintiff,

v.

RKJ HOTEL MANAGEMENT,
LLC and JEFF KATOFSKY,

        Defendants.
_____/

Case No. 2:21-cv-11345
District Judge Terrence G. Berg
Magistrate Judge Anthony P. Patti

## **ORDER GRANTING DEFENDANT'S MOTION TO SET ASIDE DEFAULT (ECF No. 8)**

    This matter came before the Court for consideration of Defendant Jeff Katofsky's motion to set aside default (ECF No. 8), Plaintiff's response in opposition (ECF No. 11), Defendant's reply brief (ECF No. 12), and Defendant's supplemental declaration in support of the motion (ECF No. 14). Judge Berg referred this case to me for all pretrial matters. (ECF No. 17.) As a result of the COVID-19 pandemic, a hearing via Zoom technology was held on August 25, 2021, at which counsel for Plaintiff and Defendant appeared, and the Court entertained oral argument regarding the motions.

    Upon consideration of the motion papers and oral argument, and for all of the reasons stated on the record by the Court, which are hereby incorporated by

<u>reference as though fully restated herein</u>, Defendant's motion to set aside default (ECF No. 8) is **GRANTED**. The Court finds that the default entered against Defendant was improvidently granted. The Wayne County Circuit Court ordered alternative service by four methods (*see* ECF No. 9-2), but Plaintiff has only provided proof that it completed service by three of the four. (*Id.; see also* ECF No. 11-3.) And Defendant asserts that he received the summons and complaint needed to complete service under the state court order by certified mail at his residence on July 1, 2021. (*See* ECF No. 11-3, PageID.412; ECF No. 14, PageID.426, ¶ 2.) Thus, on the record before the Court, and under Fed. R. Civ. P. 81(c)(2)(B), Defendant's answer was due on July 22, 2021.

Alternatively, the Court has discretion under Fed. R. Civ. P. 55(c) and 60(b) to set aside a default, and finds it prudent to do so here because: (1) Plaintiff would not suffer substantial prejudice by having the default set aside; (2) at oral argument, Defendant articulated meritorious defenses beyond his challenge to personal jurisdiction; and (3) Defendant acted without willful or culpable neglect. Further, the Court finds that if Defendant, *arguendo*, did miscalculate deadlines, such would constitute an inadvertent mistake and excusable neglect. It is clear that he intended to defend this case based upon the fact that he filed a fully-briefed motion to dismiss (and the instant motion) on the very same day that this Court entered the default. Moreover, if, for the sake of argument, there is any ambiguity

2

in the state court's order for alternate service, fairness dictates that it should be construed in Defendant's favor, especially considering that there is "a strong preference for trials on the merits in federal courts[.]" *Shephard Claims Service v William Darrah & Assoc.*, 796 F.2d 190, 196 (6th Cir. 1986.)

**IT IS SO ORDERED.**[1]

Dated: August 26, 2021

_____
Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE

---

[1] The attention of the parties is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days after being served with a copy of this order within which to file objections for consideration by the district judge under 28 U.S.C. § 636(b)(1).