# UNITED STATES DISTRICT COURT
## IN THE EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

RSS WFCM2020-C55 – MI RHM,
LLC, a Michigan limited liability
company,

Case No. 21-11345

          Plaintiff,

Hon. Shalina D. Kumar
Magistrate Judge Anthony P. Patti

v.

RKJ HOTEL MANAGEMENT LLC, a
Nevada limited liability company, and
JEFF KATOFSKY, a California
resident,

Removed from:
Wayne County Circuit Court
Case No. 20-016230-CB

          Defendants.

_DYKEMA GOSSETT•A PROFESSIONAL LIMITED LIABILITY COMPANY•400 RENAISSANCE CENTER•DETROIT, MICHIGAN 48243_

---

## PLAINTIFF RSS WFCM2020-C55 – MI RHM, LLC'S EMERGENCY MOTION FOR AN ORDER (1) COMPELLING DEFENDANT RKJ HOTEL MANAGEMENT LLC TO COMPLY WITH THE RECEIVERSHIP ORDER AND (2) IMPOSING CONTEMPT SANCTIONS AGAINST DEFENDANTS TO EFFECTUATE COMPLIANCE WITH THE RECEIVERSHIP ORDER

Plaintiff RSS WFCM2020-C55 – MI RHM, LLC ("Plaintiff" or "Lender"),

by its attorneys Dykema Gossett PLLC, moves this Court for, among other things,

an order compelling Defendant/Borrower RKJ Hotel Management LLC

("Defendant" or "Borrower") to comply with the February 5, 2021 Order Appointing

Receiver ("Receivership Order") and imposing civil contempt sanctions against

Borrower and Defendant/Guarantor Jeff Katofsky ("Guarantor") to effectuate

compliance with the Receivership Order.

In support of this Motion, Plaintiff relies on the facts and law set forth in the attached Brief in Support and its exhibits, the pleadings and other documents on file with this Court, and all matters of which this Court may take judicial notice. ***Plaintiff further requests an expedited hearing on this Motion due to the emergency nature of the relief requested.***

In accord with LR 7.1(a), counsel for Plaintiff sought concurrence in the relief requested in this Motion from counsel for Defendants on August 3, 2022, and Defendants did not respond to such request.

For the reasons in the attached Brief, Plaintiff respectfully requests that this Court enter an order (1) compelling Borrower to comply with the Receivership Order and turnover possession of the Property under Fed. R. Civ. P. 70(a) and 28 U.S.C. § 1450; (2) finding that Defendants are in contempt pursuant to Fed. R. Civ. P. 70(e) for failing to comply with the Receivership Order and imposing civil contempt sanctions against each of the Defendants in the amount of $5,000 per day from August 1, 2022 through the date that Defendants fully and peacefully comply with the Receivership Order; (3) awarding Plaintiff its reasonable costs and attorneys' fees incurred in having to file this Motion; and (4) awarding any further relief that this Court deems just under the circumstances.

2

Respectfully submitted,

By:  */s/ Brian M. Moore*
      Brian M. Moore (P58584)
      Jonathan Kama, Jr. (P83703)
      DYKEMA GOSSETT PLLC
      Attorneys for Plaintiff
      39577 Woodward Ave., Suite 300
      Bloomfield Hills, MI 48304-5086
      (248) 203-0772

Date:  August 4, 2022
      bmoore@dykema.com
      jkama@dykema.com

# UNITED STATES DISTRICT COURT
## IN THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

RSS WFCM2020-C55 – MI RHM,
LLC, a Michigan limited liability
company,

          Plaintiff,

v.

RKJ HOTEL MANAGEMENT LLC, a
Nevada limited liability company, and
JEFF KATOFSKY, a California
resident,

          Defendants.

Case No. 21-11345

Hon. Shalina D. Kumar
Magistrate Judge Anthony P. Patti

Removed from:
Wayne County Circuit Court
Case No. 20-016230-CB

---

## BRIEF IN SUPPORT OF PLAINTIFF RSS WFCM2020-C55 – MI RHM, LLC'S EMERGENCY MOTION FOR AN ORDER (1) COMPELLING DEFENDANT RKJ HOTEL MANAGEMENT LLC TO COMPLY WITH THE RECEIVERSHIP ORDER AND (2) IMPOSING CONTEMPT SANCTIONS AGAINST DEFENDANTS TO EFFECTUATE COMPLIANCE WITH THE RECEIVERSHIP ORDER

DYKEMA GOSSETT•A PROFESSIONAL LIMITED LIABILITY COMPANY•400 RENAISSANCE CENTER•DETROIT, MICHIGAN 48243

# **TABLE OF CONTENTS**

**Page**

TABLE OF CONTENTS.............................................................................. ii

STATEMENT OF ISSUES ...........................................................................v

CONTROLLING OR MOST APPROPRIATE AUTHORITY ..............................vi

I.  INTRODUCTION ..........................................................................1

II. PERTINENT FACTUAL BACKGROUND....................................3

   A. State Court Action – Entry Of The Receivership Order And
      Appointment Of The Receiver. ...........................................3

   B. Bankruptcy Action – Denial Of Plan, Lift of Automatic Stay,
      Dismissal of Action, And Denial Of Stay Pending Appeal
      Motions.................................................................................7

   C. Authority Of The Receiver To Take Possession With Full
      Cooperation And Without Interference.................................8

   D. The Receiver's Efforts To Obtain Voluntary Compliance With
      The Receivership Order; And Defendants' Refusal To Comply. .........9

III. ARGUMENT.................................................................................12

   A. This Court Should Compel Borrower To Immediately Comply
      With The Receivership Order. ............................................12

   B. Civil Contempt Sanctions Must Be Imposed Against Each Of
      The Defendants To Compel Compliance With This Court's
      Order..................................................................................15

IV. CONCLUSION.............................................................................19

DYKEMA GOSSETT•A PROFESSIONAL LIMITED LIABILITY COMPANY•400 RENAISSANCE CENTER•DETROIT, MICHIGAN 48243

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

CASES

*Alexander v. Chicago Park Dist.*,
   927 F.2d 1014 (7th Cir.1991) ........................................................................13

*CBS Broad. Inc. v. FilmOn.com, Inc.*,
   814 F.3d 91 (2d Cir. 2016) ...........................................................................17

*Citigroup Inc. v. Seade*,
   2022 U.S. Dist. LEXIS 34653 (S.D.N.Y. Feb. 24, 2022) ..................................17

*Cluck-U Corp. v. C.U.C. of Columbus, Inc.*,
   2011 U.S. Dist. LEXIS 74239 (S.D. Ohio July 11, 2011)..................................13

*Davis v. Lifetime Capital, Inc.*,
   740 F. App'x 820 (6th Cir. 2018) ....................................................................15

*Glover v. Johnson*,
   934 F.2d 703, 707 (6th Cir. 1991) ...................................................................16

*Granny Goose Foods v. Teamsters*,
   415 U.S. 423 (1974)......................................................................................12

*In re Mann*,
   311 F.3d 788 (7th Cir. 2002) ..................................................................... 13-14

*In re Moncier*,
   550 F. Supp. 2d 768 (E.D. Tenn. 2008)............................................................13

*In re Taus*,
   2019 Bankr. LEXIS 1495 (Bankr. N.D. Ohio May 14, 2019) ...........................13

*In re Walerstein*,
   2008 U.S. Dist. LEXIS 23080 (E.D.N.Y. Mar. 24, 2008)..................................14

*Liberte Cap. Grp., LLC v. Capwill*,
   462 F.3d 543 (6th Cir. 2006) ..................................................................... 15-17

*Maness v. Meyes*,
   419 U.S. 449 (1975)......................................................................................13

DYKEMA GOSSETT•A PROFESSIONAL LIMITED LIABILITY COMPANY•400 RENAISSANCE CENTER•DETROIT, MICHIGAN 48243

*McMahan v. Po Folks, Inc.*,
    206 F.3d 627 (6th Cir. 2000) ........................................................................ 16-17

*Munsey v. Testworth Labs., Inc.*,
    227 F.2d 902 (6th Cir. 1955) ........................................................................12

*NLRB v. Sawulski*,
    158 B.R. 971 (E.D. Mich. 1993) ..................................................................17

*Perfect Fit Indus., Inc. v. Acme Quilting Co.*,
    673 F.2d 53 (2d Cir. 1982) ...........................................................................17

*SEC v. Credit Bancorp, Ltd.*,
    2000 U.S. Dist. LEXIS 9755 (S.D.N.Y. July 3, 2000).................................16

*Sinta v. Fannie Mae*,
    2013 U.S. Dist. LEXIS 65986 (E.D. Mich. May 9, 2013) .................................14

*Sower v. Chase Home Fin., LLC*,
    2016 U.S. Dist. LEXIS 112788 (E.D. Mich. Aug. 24, 2016)............................12

*TWM Mfg. Co. v. Dura Corp.*,
    722 F.2d 1261 (6th Cir. 1983) ......................................................................16

*United States v. Work Wear Corp.*,
    602 F.2d 110 (6th Cir. 1979) ........................................................................16

**RULES**

Fed. R. Civ. P. 70(a)...........................................................................................13

Fed. R. Civ. P. 70(e)...........................................................................................15

**STATUTES**

11 U.S.C. § 362...................................................................................................14

28 U.S.C. § 1450.................................................................................................12

DYKEMA GOSSETT•A PROFESSIONAL LIMITED LIABILITY COMPANY•400 RENAISSANCE CENTER•DETROIT, MICHIGAN 48243

## <u>STATEMENT OF ISSUES</u>

1.      Whether this Court should enter an order compelling Defendant RKJ Hotel Management LLC to immediately comply with the February 5, 2021 Order Appointing Receiver and impose civil contempt sanctions against each of the Defendants to effectuate compliance as a result of their failure to comply with the Receivership Order.

Plaintiff answers:  Yes.

Defendants answer:  No.

DYKEMA GOSSETT•A PROFESSIONAL LIMITED LIABILITY COMPANY•400 RENAISSANCE CENTER•DETROIT, MICHIGAN  48243

## <u>CONTROLLING OR MOST APPROPRIATE AUTHORITY</u>

28 U.S.C. § 1450

Fed. R. Civ. P. 70(a)

Fed. R. Civ. P. 70(e)

DYKEMA GOSSETT•A PROFESSIONAL LIMITED LIABILITY COMPANY•400 RENAISSANCE CENTER•DETROIT, MICHIGAN 48243

# I.   <u>INTRODUCTION</u>

Plaintiff RSS WFCM2020-C55 – MI RHM, LLC ("Plaintiff" or "Lender") is forced to bring this Motion as each of the Defendants continue their orchestrated campaign to prohibit a court-appointed receiver, under a valid receivership order, to take peaceful possession of the subject property and hotel.  As outlined in this Motion and its response to Defendant/Borrower RKJ Hotel Management LLC's ("Defendant" or "Borrower") most recent litigation tactic – a motion to withdraw as counsel and request for a stay of this case (*see* Response, ECF No. 39), Defendants have engaged in a practice of violating court orders, interfering with the Receiver, using (abusing) the court process to accomplish their objectives, and otherwise delaying and frustrating Plaintiff's rights/remedies under the governing loan documents.

Plaintiff is left with no choice but to seek an order from this Court compelling Borrower to comply with the February 5, 2021 Order Appointing Receiver ("Receivership Order") and turnover possession of the property and hotel to the Receiver and, further, imposing civil contempt sanctions against <u>both</u> Borrower and Defendant/Guarantor Jeff Katofsky ("Guarantor")[1] to effectuate compliance with the Receivership Order.

---

[1] Mr. Katofsky is a practicing lawyer in California and, in this case, has appeared in *pro se* when convenient to, in part, delay these proceedings.

DYKEMA GOSSETT•A PROFESSIONAL LIMITED LIABILITY COMPANY•400 RENAISSANCE CENTER•DETROIT, MICHIGAN 48243

Plaintiff made a $20,500,000.00 loan to Borrower, which was secured in part by a guaranty executed by Guarantor. Borrower defaulted on the loan, triggering the filing of this lawsuit in Wayne County Circuit Court ("State Court"). After the State Court granted Plaintiff's Motion for Appointment of Receiver and entered the Receivership Order appointing DMMI Associates LLC as the receiver ("Receiver") (but before the Receiver took possession), Borrower filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code in the U.S. Bankruptcy Court, District of Nevada, Case No. 21-105593 ("Bankruptcy Action"). In the Bankruptcy Action, the Nevada Bankruptcy Court denied confirmation, lifted the automatic stay and, on July 28, 2022, and dismissed the Bankruptcy Action. Borrower's efforts to stay enforcement of the bankruptcy court orders have been denied.

As a result, pursuant to the Receivership Order, the court-appointed Receiver is entitled to take immediate control and possession of the subject property and hotel. As predicted, Defendants have brazenly flouted the Receivership Order and are in contempt of this Court. Defendants have refused to comply, threatened the Receiver with criminal trespass and, on August 1, 2022, ordered/directed the Receiver – who had the Receivership Order in hand and local law enforcement officers present – off the property.

2

Parties must obey court orders unless the orders are expressly stayed pending appeal.  This Court has the authority to enforce its orders, which includes the Receivership Order entered prior to removal, and to sanction those who express contempt of such orders.  Therefore, Plaintiffs respectfully request that this Court enter an order: (1) compelling Borrower to comply with the Receivership Order and turnover possession of the subject hotel and property under Fed. R. Civ. P. 70(a) and 28 U.S.C. § 1450; (2) finding that Defendants are in contempt pursuant to Fed. R. Civ. P. 70(e) for failing to comply with the Receivership Order and imposing civil contempt sanctions against each of the Defendants in the amount of $5,000 per day from August 1, 2022 through the date that Defendants fully and peacefully comply with the Receivership Order; (3) awarding Plaintiff its reasonable costs and attorneys' fees incurred in having to file this Motion; and (4) awarding any further relief that this Court deems just under the circumstances.

## II.    PERTINENT FACTUAL BACKGROUND

### A.    State Court Action – Entry Of The Receivership Order And Appointment Of The Receiver.

On December 14, 2020, Plaintiff filed a Complaint against Borrower in Wayne County Circuit Court, Case No. 20-016230-CB ("State Court Action") concerning a $20,500,000.00 loan ("Loan") made to Borrower in January 2020 related to and secured by real property and a hotel located in Romulus, Michigan known as the Delta Hotels By Marriott – Detroit Metro Airport ("Property").

3

Plaintiff alleged that Borrower is in default of the loan documents for, among other things, failing to pay the amounts due and owing of the loan.  Plaintiff sought damages against Borrower, judicial foreclosure of the Property, judicial foreclosure of other collateral, and the appointment of a receiver over the Property.

On January 13, 2021, Plaintiff filed a Motion for the Appointment of Receiver (attaching a proposed receivership order as Ex. 3 thereto) ("Receiver Motion") (*See* Motion for Appointment of Receiver, as **Exhibit 1**.)  On January 19, 2021, Borrower filed an answer to the Receiver Motion and an objection to the proposed receiver (but not the proposed receivership order) and, on January 22, 2021, the State Court heard and granted the Receiver Motion.  (*See* Docket for State Court Action, as **Exhibit 2**.)

As instructed by the State Court, on the same day, Plaintiff's counsel sent a word version of the proposed receivership order via email to Borrower's counsel for review and comment.  (*See* Declaration of Brian M. Moore, Esq., ¶ 5, as **Exhibit 3**.) On January 25 and 26, 2021, Plaintiff's counsel followed up with Borrower's counsel via email again asking if Borrower had any proposed changes.  Borrower's counsel did not respond.  (*Id.*, ¶ 6.)  On January 26, 2021, Plaintiff submitted the proposed order granting the Receiver Motion (the same proposed receivership order attached to the Receiver Motion) under the 7-day rule and, in doing so, detailed Borrower counsel's failure to engage.  (*Id.*, ¶ 7; *see* Notice of Presentment of Order

DYKEMA GOSSETT•A PROFESSIONAL LIMITED LIABILITY COMPANY•400 RENAISSANCE CENTER•DETROIT, MICHIGAN 48243

4

Under 7-Day Rule, as **Exhibit 4**.)

On February 1, 2021, Borrower filed objections to certain provisions of the proposed receivership order (including the sale provisions), requested entry of its proposed receivership order, and requested a hearing. (Borrower's Objections to Plaintiff's Order Appointing Receiver, as **Exhibit 5**.) On February 4, 2021, Plaintiff's counsel again emailed Borrower's counsel in an attempt to resolve Borrower's objections. (Ex. 3, ¶ 9.) Borrower's counsel again did not respond. *(Id.)* On February 5, 2021, Plaintiff's counsel sent Borrower's counsel proposed changes to the receivership order in an effort to address Borrower's concerns. (*Id.*, ¶ 10.)

On February 5, 2021, Wayne County Circuit Court Judge Brian R. Sullivan entered the Order Appointing Receiver Order ("Receivership Order"). (Receivership Order, as **Exhibit 6**.) In doing so, Judge Sullivan modified the sale provisions [Sections 2.4(b) and 4.4] to require Plaintiff to seek court approval prior to marketing and/or selling the Property (a concern raised by Borrower at the January 22, 2021 hearing), as well as modifying Section 10.2. (*Id.*)

Thereafter, on February 9, 2021, and without disclosing the fact the Borrower had filed or was in the process of filing bankruptcy on the same day, Borrower's counsel contacted the State Court and asked that the "erroneously entered" Receivership Order be rescinded. (Ex. 3, ¶ 11.) On the same day, Plaintiff filed a

response to Borrower's objections, attached a proposed compromised order, and detailed its efforts to resolve any remaining concerns.  (*See* Plaintiff's Response to Borrower's Objection to Plaintiff's Order Appointing Receiver, as **Exhibit 7**.)  On February 9, 2021, counsel for the parties attended a call with the Judge Sullivan. Judge Sullivan explained that the court did not want the Receiver to have the power to sell the Property without prior court approval, understood that Plaintiff may seek such relief at a later date, and encouraged the parties to resolve any other issues. (Ex. 3, ¶ 12.)  Borrower's counsel made no mention of  a filed or imminent bankruptcy action.  (*Id.*)  On February 9, 2021, Borrower filed the Bankruptcy Action.

On February 12, 2021, the State Court held a conference with Plaintiff and Borrower, and then Judge Sullivan made the following findings on the record (*Id.*, ¶ 13):[2]

- The Receivership Order was submitted, objections were filed and considered, and the court entered the Receivership Order with its revisions.

- The court modified the provision requiring prior approval of the court to market/sell the property.  (Receivership Order, §§ 2.4(b) and 4.4, Exhibit 10.)

- The court modified Section 10.2 of the Receivership Order to require notice to Borrower when there is "Plaintiff Approval" for an action.

---

[2] Plaintiff has ordered this transcript on an expedited basis in the event this Court believes such transcript is necessary.

DYKEMA GOSSETT•A PROFESSIONAL LIMITED LIABILITY COMPANY•400 RENAISSANCE CENTER•DETROIT, MICHIGAN  48243

- The court took time and went to great lengths to review the Receivership Order, modified the order as it deemed appropriate having heard Borrower's concerns during the hearing.

- The Receivership Order is enforceable and would not be revoked or set aside.

**B.    Bankruptcy Action – Denial Of Plan, Lift of Automatic Stay, Dismissal of Action, And Denial Of Stay Pending Appeal Motions.**

On February 9, 2021, after entry of the Receivership Order, but prior to the Receiver taking possession of the Property, Borrower filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code in the U.S. Bankruptcy Court, District of Nevada, Case No. 21-105593 ("Bankruptcy Action"), temporarily availing itself of the automatic bankruptcy stay under 11 U.S.C. § 362.

In the Bankruptcy Action, Plaintiff moved for relief from the automatic stay. On June 1, 2022, after an evidentiary hearing, the Nevada Bankruptcy Court entered an order denying confirmation of Borrower's amended plan of reorganization and granting relief from the automatic stay.  (*See* Order Denying Confirmation of Debtor's Amended Plan of Reorganization, as **Exhibit 8**.)  On June 16, 2022, the Nevada Bankruptcy Court denied Borrower's Motion for Entry of Stay Pending Appeal.  (*See* Order Denying Debtor's Motion for Entry of Stay Pending Appeal, as **Exhibit 9**.)  On July 24, 2022, the United States District Court, District of Nevada, denied Borrower's Emergency Motion for Stay Pending Appeal.  (*See* Order Denying Appellant's Emergency Motion for Stay Pending Appeal, as **Exhibit 10**.)

7

On July 28, 2022, the Nevada Bankruptcy Court granted Plaintiff's motion to dismiss the Bankruptcy Action.  (*See* Order Granting Motion to Dismiss Debtor's Case, as **Exhibit 11**.)  On July 28, 2022, the Nevada Bankruptcy Court clerk entered a Notice of Dismissal of the Bankruptcy Action. (*See* Notice of Dismissal; Notice That All Pending Hearings Are Vacated, as **Exhibit 12**.)

## C.   Authority Of The Receiver To Take Possession With Full Cooperation And Without Interference.

Pursuant to the Receivership Order, the Receiver has the power "to take immediate possession and control" of the Property upon entry of the Receivership Order and filing an acceptance of the receivership.  (Ex. 6, Section 1.1-1.2.). Receivership Order authorizes the Receiver to take any reasonable actions necessary or appropriate to take possession of, exercise control over, prevent waste and otherwise preserve, manage, maintain, secure and safeguard the Receivership Property (as defined in the Receivership Order.  (*Id.*, Section 1.5.)

In addition, the Receivership Order provides:

> Defendant and its agents shall fully cooperate with Receiver in connection with the transition of the management of the Receivership Property to Receiver, shall take all steps necessary to comply with this Order and other orders of the Court, and are enjoined from interfering with the use, management, possession, and control of the Receivership Property by Receiver.  Defendant and its agents are further prohibited from removing any personal property or diverting any Income. . . .

(*Id.*, Section 1.5.)  To avoid doubt, the Receivership Order further provides that Borrower and its agent shall not:

8

a.     Commit or permit any waste on all or any part of the Receivership Property, or suffer or commit or permit any act on all or any part of the Receivership Property in violation of law, or remove, transfer, encumber, or otherwise dispose of any of the Receivership Property. . . .

d.     Directly or indirectly interfere in any manner with the discharge of the Receiver's duties under this Order or the Receiver's possession of and operation or management of the Receivership Property. . .

f.     Do any act that will, or that will tend to, impair, defeat, divert, prevent, or prejudice (i) the preservation of the Receivership Property, including the Income, or (ii) Plaintiff's interest in the Receivership Property and the Income, or the preservation of that Interest.

(*Id.*, Section 12.7.)

## D.     The Receiver's Efforts To Obtain Voluntary Compliance With The Receivership Order; And Defendants' Refusal To Comply.

Plaintiff has exhausted its efforts to obtain compliance before filing this Motion. The Receiver's Notice of Filing Acceptance of Receivership was filed on June 28, 2022. (*See* ECF No. 36.) On July 1, 2022, the Receiver's counsel notified Borrower and its counsel that the Receiver intended to take possession of the Receivership Property on July 7, 2022 pursuant to the Receivership Order. (*See* Receiver's July 1, 2022 Letter to Borrower, as **Exhibit 13**.) On July 2, 2022, Borrower/Debtor's counsel (Gerald Gordon, Esq.) in the Bankruptcy Action notified the Receiver as follows:

[T]he demand in your letter of July 1, 2022, to turn over the control and possession of the 'Receivership Property' pursuant to your 'Receivership Order' is rejected, and [Borrower] will not cooperate in this regard. The Hotel and all its personality remain property of the RKJ bankruptcy estate as defined in Section 541 of the Bankruptcy Code. So long as it is property o the bankruptcy estate or until an order is entered pursuant to Section 362(d) of the Bankruptcy Code,

DYKEMA GOSSETT•A PROFESSIONAL LIMITED LIABILITY COMPANY•400 RENAISSANCE CENTER•DETROIT, MICHIGAN 48243

terminating, annulling, or modifying the automatic stay of Section 362(a), parties (including DMMI) seeking to enforce pre-petition rights (the Receivership Order in this case) are prohibited from doing so. . . .

(*See* Borrower Counsel's July 2, 2022 Letter to Receiver, as **Exhibit 14**.)

On July 28, 2022, after the Bankruptcy Action was dismissed and Borrower's efforts to secure a stay pending appeal were denied, Receiver's counsel notified Borrower's Nevada and Michigan counsel that the Receiver intended to take possession of the Property on July 29, 2022:

The Receiver understands the Nevada bankruptcy court has entered an order dismissing RKJ's bankruptcy case, and all efforts to stay enforcement of the bankruptcy court order lifting the automatic stay have been denied.  Therefore, pursuant to the Receivership Order entered on or about February 5, 2021, please be advised the Receiver intends to transition into control and possession of the subject Receivership Property on Friday, July 29.  In advance of July 29, 2022, please begin to gather and turnover those items listed in Section 1.6 of the Receivership Order.  Upon receipt of this letter, please contact Jeff Kolessar at 215-972-2227 or kolessarj@gfhotels.com to discuss and arrange the turnover of the Receivership Property to the Receiver.

(*See* Receiver Counsel's July 28, 2022 Email to Borrower's Counsel, as **Exhibit 15**.)[3]  Borrower not only expressly refused to comply with the Receivership Order, but Mr. Katofsky/Guarantor – on behalf of the Borrower and seemingly acting in *pro se* – also threatened the Receiver with criminal trespass:

---

[3] Receiver's counsel also offered to discuss and resolve in good faith any concerns with the Receivership Order.  (*Id.*)

DYKEMA GOSSETT•A PROFESSIONAL LIMITED LIABILITY COMPANY•400 RENAISSANCE CENTER•DETROIT, MICHIGAN 48243

> For a number of reasons, including, but not limited to, 1) the Bankruptcy matter is not yet final, 2) the Receivership Order of the state Court was improperly entered and is in the improper jurisdiction, and 3) the relevant Federal Court has not acted, ***there will be no turn over tomorrow or any time in the near future***.
>
> ***Any attempts to enter the property will be treated as criminal trespass*** and will be dealt with by the proper local law enforcement authorities. There will be a day when the legal matters are sorted out – ***Until then, calm down and let it happen the proper way.***

(*See* Mr. Katofsky's July 28, 2022 Email to Receiver's Counsel, as **Exhibit 16**) (emphasis added.)

On August 1, 2022, the Receiver's representative, Jason Dinkens, Vice President of Operations of GF Hotels & Resorts, with the Receivership Order in hand and accompanied by local law enforcement officers from the Romulus Police Department, attempted to take possession of the Property.  (*See* Declaration of Jason Dinkens, ¶¶ 3-4, as **Exhibit 17**.)  Mr. Dinkens presented the Receivership Order to a front desk agent and the General Manager (Fadi Achour), informing them that the Receiver was there to take possession of the Property.  (*Id.*, ¶ 5.)  However, the General Manager informed Mr. Dinkens that he was told by the owner not to give the Receiver possession.  (*Id.*, ¶ 5.)  Thereafter, the General Manager called the owner.  (*Id.*, ¶ 6.)  Guarantor (Mr. Katofsky), on behalf of the owner, refused to cooperate, claimed that the Receiver was trespassing, and demanded that Mr. Dinkens leave the Property.  (*Id.*, ¶ 7.)  Officer Sandoval of the Romulus Police Department informed Mr. Katofsky that he would like a recording of Mr. Katofsky

refusing to allow the Receiver to take possession of the Property.  (*Id.*, ¶ 8.) Guarantor reaffirmed his refusal and instructed Officer Sandoval to tell Mr. Dinkens to "'get out.'"  (*Id.*, ¶ 8.)  On August 2, 2022, Lieutenant Harris from the Wayne County Sherriff's Department advised the Receiver's representative to secure a compelling order from this Court.

### III.   <u>ARGUMENT</u>

**A.   This Court Should Compel Borrower To Immediately Comply With The Receivership Order.**

"When a case is removed the federal court takes it as though everything done in the state court had in fact been done in the federal court."  *Munsey v. Testworth Labs., Inc.*, 227 F.2d 902, 903 (6th Cir. 1955); *see also Sower v. Chase Home Fin., LLC*, 2016 U.S. Dist. LEXIS 112788, at *10 (E.D. Mich. Aug. 24, 2016) (enforcing state court order entered prior to removal).[4]  By statute, any orders or rulings issued by the state court prior to removal remain binding on the parties unless formally set aside by the district court.  28 U.S.C. § 1450 ("All injunctions, orders, and other proceedings had in such action prior to its removal shall remain in full force and effect until dissolved or modified by the district court."); *Granny Goose Foods v. Teamsters*, 415 U.S. 423, 436 (1974) (interpreting 28 U.S.C. § 1450).

---

[4] All unpublished cases are attached as **Exhibit 18**.

"If a judgment requires a party to . . . perform any . . . specific act and the party fails to comply within the time specified, the court may order the act to be done – at the disobedient party's expense[.]"  Fed. R. Civ. P. 70(a); *see also Cluck-U Corp. v. C.U.C. of Columbus, Inc.*, 2011 U.S. Dist. LEXIS 74239, at *9 (S.D. Ohio July 11, 2011) (appointing receiver over the property under Fed. R. Civ. P. 70(a)); *In re Taus*, 2019 Bankr. LEXIS 1495, at *5, 7 (Bankr. N.D. Ohio May 14, 2019) (appointing receiver to convey the property under Fed. R. Civ. P. 70(a) where the debtor "exhibited a long and consistent pattern of delay").

It is a "basic proposition that all orders and judgments of courts must be complied with promptly." *Maness v. Meyes*, 419 U.S. 449, 458 (1975).  "If a person to whom a court directs an order believes that order is incorrect the remedy is to appeal, but, absent a stay, he must comply promptly with the order pending appeal." *Id.*  "'Persons who make private determinations of the law and refuse to obey an order generally risk criminal contempt *even if the order is ultimately ruled incorrect.*'"  *In re Moncier*, 550 F. Supp. 2d 768, 786 n.21 (E.D. Tenn. 2008) (quoting *Maness*, 419 U.S. at 458) (emphasis in original); *accord Alexander v. Chicago Park Dist.*, 927 F.2d 1014, 1025 (7th Cir.1991) ("[W]e can affirm the contempt citation without even reaching the issue of the order's validity. Parties must obey court orders regardless of their validity, unless the orders are stayed pending appeal."); *In re Mann*, 311 F.3d 788, 789 (7th Cir. 2002) ("[W]hether or not

DYKEMA GOSSETT•A PROFESSIONAL LIMITED LIABILITY COMPANY•400 RENAISSANCE CENTER•DETROIT, MICHIGAN  48243

the orders are subject to collateral attack, the fact remains that they are still in force. Even orders entered *ex parte* must be obeyed while they remain outstanding, no matter how erroneous the addressee finds them to be.")

The gravamen of Borrower's position is that (1) the Bankruptcy Action is not yet final, (2) the Receivership Order was entered without considering its objections, and (3) this Court needs to act. The first issue is moot as the Bankruptcy Case is dismissed and all efforts to stay pending appeal have been denied.

The second argument is of no consequence and misplaced for several reasons. *First*, regardless of Borrower's subjective and improper contention that the Receivership Order was entered by the State Court without considering its objections, Borrower is bound to follow the Receivership Order. Indeed, it is well-settled that a party may not violate a court order, even if the order is later held to be erroneous. Here, it is undisputed that the automatic stay has been lifted, the Bankruptcy Action is dismissed, and all efforts to stay the lifting of the automatic stay pending appeal have been denied.[5] Consistent with the duties and responsibilities of the Receivership Order, the Receiver has repeatedly requested that

---

[5] "Pursuant to Section 362, any automatic stay would have terminated upon dismissal of the case." *In re Walerstein*, 2008 U.S. Dist. LEXIS 23080, at *2 (E.D.N.Y. Mar. 24, 2008); *see also Sinta v. Fannie Mae*, 2013 U.S. Dist. LEXIS 65986, at *5 (E.D. Mich. May 9, 2013) ("Even if the bankruptcy court did err in lifting the automatic stay, there is no longer an active bankruptcy case in which this court can impose a stay.")

DYKEMA GOSSETT•A PROFESSIONAL LIMITED LIABILITY COMPANY•400 RENAISSANCE CENTER•DETROIT, MICHIGAN 48243

Borrower comply with the Receivership Order and allow the Receiver to take control of the Property.  Borrower has expressly refused to do so, threatened the Receiver with criminal trespass, and defied local law enforcement officers.[6]  *Second*, the State Court considered Borrower's concerns, modified the Receivership Order accordingly, and ruled that the Receivership Order is valid and will not be vacated or set aside.  *Third*, Borrower has ignored countless attempts by the Plaintiff and Receiver to meet and confer in good faith to address whatever remaining concerns Borrower may have about the Receivership Order.

Simply put, Plaintiff has exhausted its available options and has no other recourse but to seek court intervention to enforce the Receivership Order.  Therefore, the Court should enter an order compelling Borrower to immediately comply with the Receivership Order under Fed. R. Civ. P. 70(a).

**B.     Civil Contempt Sanctions Must Be Imposed Against Each Of The Defendants To Compel Compliance With This Court's Order.**

In addition to compelling compliance with court orders, the "court may also hold the disobedient party in contempt."  Fed. R. Civ. P. 70(e).

The purpose of a receivership "is to safeguard the disputed assets, administer the property as suitable, and to assist the district court in achieving a final, equitable

---

[6] It should be noted that the Receiver is immune from any suit for criminal trespass.  *See Davis v. Lifetime Capital, Inc.*, 740 F. App'x 820, 829 (6th Cir. 2018) ("A receiver acts as an 'arm of the court' and thus enjoys quasi-judicial immunity.")

distribution of the assets if necessary." *Liberte Cap. Grp., LLC v. Capwill*, 462 F.3d 543, 551 (6th Cir. 2006). "As an officer of the court, the receiver's powers are coextensive with his order of appointment." *Id.* As such, interference with a court-appointed receiver is punishable by contempt of court. *Id.* at 552; *see also SEC v. Credit Bancorp, Ltd.*, 2000 U.S. Dist. LEXIS 9755, at *9 (S.D.N.Y. July 3, 2000) (where the defendant failed to turn over control of company's assets and properties to the receiver, the receiver was granted a money judgment and defendant was found to be in contempt).

The party seeking a finding of contempt must prove by clear and convincing evidence that the contemnor "'violated a definite and specific order of the court requiring him to perform or refrain from performing a particular act or acts with knowledge of the court's order.'" *Liberte*, 462 F.3d at 550 (quoting *Glover v. Johnson*, 934 F.2d 703, 707 (6th Cir. 1991)). Willfulness is not an element of civil contempt. *Id.* "[M]ere financial hardship is no excuse for failure to comply with a lawful court order." *United States v. Work Wear Corp.*, 602 F.2d 110, 116 (6th Cir. 1979). Likewise, advice of counsel and good faith are not defenses to civil contempt. *TWM Mfg. Co. v. Dura Corp.*, 722 F.2d 1261, 1273 (6th Cir. 1983).

The primary purpose of civil contempt is "to compel obedience to a court order and compensate for injuries caused by noncompliance." *Id.*; *see also McMahan v. Po Folks, Inc.*, 206 F.3d 627, 634 (6th Cir. 2000) (An "award of

16

attorney's fees is appropriate for civil contempt in situations where court orders have been violated.")  "The district court has inherent authority to fashion the remedy for contumacious conduct." *Liberte*, 462 F.3d at 557.  Daily fines to coerce compliance with orders may be appropriate.  *See NLRB v. Sawulski*, 158 B.R. 971, 974 (E.D. Mich. 1993) (enforcing daily contempt fines); *Citigroup Inc. v. Seade*, 2022 U.S. Dist. LEXIS 34653, at *5-6 (S.D.N.Y. Feb. 24, 2022) ("The Court finds that coercive sanctions are warranted, and it finds that a fine starting at $5,000 per day is required to secure compliance without being punitive.") *Perfect Fit Indus., Inc. v. Acme Quilting Co.*, 673 F.2d 53, 57-58 (2d Cir. 1982) (affirming coercive sanctions of $5,000 per day); *CBS Broad. Inc. v. FilmOn.com, Inc.*, 814 F.3d 91, 101-04 (2d Cir. 2016) (affirming coercive sanctions of $10,000 per day).

Plaintiff has established by clear and convincing evidence that Defendants have failed to comply with and are in contempt of the Receivership Order.  Under the Receivership Order, the Receiver is authorized to direct and take immediate possession and full control of the Receivership Property and to take such other actions as the receiver deems reasonable and appropriate to take possession of, to exercise full control over, to prevent waste, and to preserve, secure and safeguard the Receivership Property.  The Receiver has provided due and adequate notice to Borrower that it intends to transition into control and possession of the Property.

17

As detailed in this Motion, Defendants have predictably and brazenly flouted the Receivership Order.  Among other things, Defendants have refused to comply, threatened the Receiver with criminal trespass and, on August 1, 2022, ordered/directed the Receiver – who had the Receivership Order in hand and local law enforcement officers present – off the property.  If civil contempt sanctions are not imposed, Defendants will continue to defy the Receivership Order and, even with an order from this Court compelling compliance, will undoubtedly again order law enforcement authorities off the Property.

Therefore, Defendants should be held in civil contempt and, further, this Court should order a sufficiently coercive sanction against each of the Defendants to secure compliance with the Receivership Order.   Plaintiff has and will suffer harm if the Receiver does not take immediate possession of the Property as Defendants have thwarted Plaintiff's efforts to enforce its rights under the Receivership Order.  Plaintiff requests against each of the Defendants a daily fine of $5,000 per day from August 1, 2022 through the date that Defendants fully comply with the Receivership Order.  This sanction is necessary to secure compliance and is reasonable (without being punitive) given the amount of the underlying loan.

18

## IV.   <u>CONCLUSION</u>

For the above reasons, Plaintiff respectfully requests that this Court enter an order: (1) compelling Borrower to comply with the Receivership Order and turnover possession of the Property under Fed. R. Civ. P. 70(a) and 28 U.S.C. § 1450; (2) finding that Defendants are in contempt pursuant to Fed. R. Civ. P. 70(e) for failing to comply with the Receivership Order and imposing civil contempt sanctions in the amount of $5,000 per day against each of the Defendants from August 1, 2022 through the date that Defendants fully and peacefully comply with the Receivership Order; (3) awarding Plaintiff its reasonable costs and attorneys' fees incurred in having to file this Motion; and (4) awarding any further relief that this Court deems just under the circumstances.  A proposed Order is attached as **Exhibit 19**.

Respectfully submitted,

By: */s/ Brian M. Moore*
Brian M. Moore (P58584)
Jonathan Kama, Jr. (P83703)
DYKEMA GOSSETT PLLC
Attorneys for Plaintiff
39577 Woodward Ave., Suite 300
Bloomfield Hills, MI 48304-5086
(248) 203-0772
bmoore@dykema.com
Date:  August 4, 2022            jkama@dykema.com

DYKEMA GOSSETT•A PROFESSIONAL LIMITED LIABILITY COMPANY•400 RENAISSANCE CENTER•DETROIT, MICHIGAN  48243

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 4, 2022, I electronically filed the above paper with the Clerk of the Court using the ECF system, which provides notice to all parties and counsel of record.

*/s/ Brian M. Moore*
Brian M. Moore (P58584)
Jonathan Kama, Jr. (P83703)
Dykema Gossett PLLC
Attorneys for Plaintiff
39577 Woodward Ave., Suite 300
Bloomfield Hills, MI 48304-5086
(248) 203-0772
bmoore@dykema.com
jkama@dykema.com

DYKEMA GOSSETT•A PROFESSIONAL LIMITED LIABILITY COMPANY•400 RENAISSANCE CENTER•DETROIT, MICHIGAN 48243