UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| RSS WFCM2020-C55-MI RHM, LLC<br><br>Plaintiff,<br><br>v.<br><br>RKJ HOTEL MANAGEMENT, LLC, et al.<br><br>Defendants. | Case No. 21-11345<br>Honorable Shalina D. Kumar<br>Magistrate Judge Anthony P. Patti |

**ORDER GRANTING IN PART PLAINTIFF'S EMERGENCY MOTION FOR CONTEMPT (ECF NO. 40)**

This matter is before the Court on the plaintiff-lender's emergency motion for contempt, which seeks an order compelling defendant-borrower to comply with the order appointing receiver issued by the state court on February 5, 2021 (Receivership Order), prior to the case's removal to this Court. ECF Nos. 40, 40-7. The motion has been fully briefed and the Court heard oral argument on August 23, 2022. ECF No. 41, 44, 45, 48.

Plaintiff-lender initiated a judicial foreclosure action in state court against defendant-borrower after it defaulted on the loan agreement and commercial mortgage on the Delta by Marriott hotel it operates near the Detroit Metropolitan Airport (the Property). ECF No. 1. Days after the state

court issued the Receivership Order, defendant-borrower filed a petition for relief under Chapter 11 of the Bankruptcy Code, triggering an automatic stay of the foreclosure action against it. *Id*. The Bankruptcy filing triggered the full recourse liability of the personal guarantor, who, when added as a defendant, removed the judicial foreclosure action to this Court. *Id*.

The Bankruptcy Court denied confirmation of the defendant-borrower's reorganization plan and lifted the automatic stay in May 2022. ECF No. 40-9. It ultimately dismissed the defendant-borrower's bankruptcy case on July 28, 2022. ECF No. 40-12. The court-appointed Receiver attempted to take possession of the Property pursuant to the Receivership Order on August 1, 2022, but defendant-borrower refused to comply with the Receivership Order. It refused to surrender possession of the Property, threatening the Receiver with criminal trespass, and plaintiff-lender filed its emergency motion. ECF No. 40.

Defendant-borrower opposes the motion, arguing that the Receivership Order was improvidently entered because it erroneously applied Michigan law in appointing a receiver. It argues that New York law applied under the terms of the mortgage and that, under New York law, a receiver would not have been appointed. ECF No. 44. The Court is not persuaded.

First, its brief in response to plaintiff-lender's motion for enforcement was not an acceptable means for defendant-borrower to seek affirmative relief from the Receivership Order. *See Walsh v. Independent Home Care of Michigan, LLC*, 2021 WL 3054870, at *3 (E.D. Mich. July 20, 2021) (citing Fed. R. Civ. P. 7(b)) (party is not entitled to affirmative relief via its response to opponent's motion). Defendant-borrower could have properly advanced its argument that the Receivership Order was erroneously entered by filing its own motion to vacate or set aside that order.[1]

Moreover, even if the underlying argument that New York law applied was properly before the Court, defendant-borrower waived it by not raising it and, in fact, citing exclusively to Michigan law, when it opposed the plaintiff-lender's motion to appoint receiver. *See Womack v Wal-Mart Stores, Inc.* 677 F. App'x 296, 297 (6th Cir. 2017) (party waived choice-of-law argument by not raising the conflict issue and citing only to the same state law advanced by the moving party and applied by the court).

Finally, were the Court to reach the merits of defendant-borrower's

---

[1] Defendant-borrower belatedly recognized that affirmative relief must be presented as a motion, filing a motion to vacate the Receivership Order just before this Order issued. ECF No. 50. That motion presents no new arguments, expressly relying on the arguments set forth in its response brief. Because this order fully addresses those arguments, defendant-borrower's motion to vacate is moot.

choice-of-law argument, the result would not change; the Court agrees that Michigan law applies to the question of appointing a receiver in this matter.

Defendant-borrower argues that New York law governs by the terms of Section 11.1 of the Mortgage, and that New York law provides that a party seeking appointment of a receiver must make a clear evidentiary showing of irreparable loss before a receiver may be appointed, even if the defaulting party has explicitly consented to the appointment of a receiver in the event of a default. ECF No. 44-4, PageID.1786; *see 31 E. 28th St. Note Buyer LLC v. JTRE Park 28 LLC*, 2018 WL 2722874, at *4 (N.Y. Sup. Ct. June 6, 2018).

Indeed, Section 11.1 provides that New York law governs the construction, validity, and performance of the Mortgage and the obligations under it and that New York law shall govern to fullest extent possible. ECF No. 44-4, PageID.1786. But Section 11.1 also dictates that the law of the state in which the Property is located, here Michigan, governs the creation, perfection, and *enforcement* of the liens and security interests created under the Mortgage. *Id.* (emphasis added). The appointment of a receiver is a quintessential mortgage enforcement action.

Furthermore, defendant-borrower's argument for applying New York law overlooks Section 15 of the Mortgage. Section 15 addresses the state-

specific provisions for the state in which the Property is located and clearly announces that Section 15 controls and is binding in the event of inconsistencies between its terms and those elsewhere in the Mortgage. *Id.,* at PageID.1788. Section 15.6 recognizes that Michigan law applies to the appointment of a receiver after a borrower default by acknowledging and expressly agreeing to deviate from the body of Michigan law that allows borrowers to remain in possession throughout a foreclosure. *Id*, PageID.1790.

> The Borrower hereby knowingly, intelligently, and voluntarily waives all rights to possession of the Property from and after the occurrence of an Event of Default and upon demand for possession by the Lender the Borrower agrees not to assert any objection or defense to the Lender's request. . . and herby consents to the appointment of a receiver for the Property. . . . The Borrower acknowledges that this provision is material to this transaction and that the Lender would not make the loan secured hereby but for this paragraph.

*Id.* Thus, under the express terms of the Mortgage, Michigan law applies to receivership matters.

In sum, defendant-borrower's refusal to comply with the Receivership Order, which was and remains valid and binding on the parties, is without merit.

Accordingly, **IT IS ORDERED** that the defendant-borrower immediately surrender possession of the Property to the appointed

Receiver pursuant to the terms of the Receivership Order.

**IT IS FURTHER ORDERED** that defendant-borrower's failure to immediately surrender possession of the Property shall render it in contempt under Federal Rule of Civil Procedure 70(e) and will result in sanctions against defendant-borrower and defendant-guarantor in the amount of **$2,500 per day** from the date of this order through the date defendant-borrower fully complies with the Receivership Order. No attorney fees are awarded, but the Court may entertain a renewed request for fees in later proceedings, if appropriate.

s/Shalina D. Kumar  
Shalina D. Kumar  
United States District Judge

Dated: August 26, 2022