UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| RSS WFCM2020-C55-MI RHM, LLC,<br><br>                        Plaintiff,<br><br>v.<br><br>RKJ HOTEL MANAGEMENT, LLC et al.,<br><br>                        Defendants. | Case No. 21-11345<br>Honorable Shalina D. Kumar<br>Magistrate Judge Anthony P. Patti |

**OPINION AND ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (ECF NO. 33)**

**I.    Introduction**

This matter is before the Court on the plaintiff RSS WFCM2020-C55-MI RHM, LLC's (Lender) motion for summary judgment against defendant Jeff Katofsky (Guarantor). The motion has been fully briefed and the Court heard oral argument on December 14, 2022. ECF No. 33, 37, 42.

**II.    Factual and Procedural Background**

In January 2020, defendant RKJ Hotel Management, LLC (Borrower) and Lender's predecessor entered into a loan agreement, evidenced by a promissory note, under which the original lender loaned Borrower $20,500,000 (Loan). ECF Nos. 33-2, 33-3. The Loan was secured by a mortgage on the Delta by Marriott hotel Borrower operated near the Detroit

Metropolitan Airport (the Property) and a Guaranty of Recourse Obligation (Guaranty) from Guarantor, the principal of Borrower. ECF No. 33-4.

When the COVID-19 pandemic reached the United States in March 2020, airline passenger traffic plummeted, taking the Property's occupancy rate and revenue with it. The on-going pandemic, its attendant federal travel restrictions, and the declared state of emergency in Michigan severely impacted the entire hospitality industry, including the Property, which temporarily closed in August 2020. That same month, Lender (who had been assigned the Loan) issued a Notice of Default, as of April 6, 2020, for Borrower's failure to pay. ECF No. 37, PageID.1019. Lender issued another Notice of Default, asserting that the cessation of operation of the Property as a hotel in August constituted a separate event of default under the Loan. *Id*.

In December 2020, Lender initiated a judicial foreclosure action in state court against Borrower. ECF No. 1. Days after the state court issued a receivership order, Borrower filed a petition for relief under Chapter 11 of the Bankruptcy Code, triggering an automatic stay of the foreclosure action against it. *Id*. The Bankruptcy filing was yet another, separate event of default under the Loan. ECF No. 33-2, PageID.673. The Bankruptcy filing also triggered the full recourse liability of Guarantor, who, when added as a

defendant, removed the judicial foreclosure action to this Court. ECF No. 1; ECF No. 33-4, PageID.750-53.

The Bankruptcy Court denied confirmation of Borrower's reorganization plan and lifted the automatic stay in June 2022. ECF No. 40-9. It ultimately dismissed Borrower's bankruptcy case on July 28, 2022. ECF No. 40-12. After the court-appointed receiver (the Receiver) attempted to take possession of the Property pursuant to the state court's receivership order on August 1, 2022, Borrower refused to surrender possession of the Property, Lender filed an emergency motion, and this Court ordered Borrower to immediately surrender possession of the Property to the Receiver pursuant to the terms of the original receivership order. ECF No. 51. The Receiver has been operating the hotel since late August. ECF Nos. 55, 68.

Lender moves for summary judgment against Guarantor for the full amount owed under the Loan as of the date Borrower filed its petition for reorganization under the Bankruptcy Code, $22,383,615.13. ECF No. 33. Lender argues that under New York law and the operation of the unambiguous terms of the Loan Agreement and Guaranty, Guarantor is liable to Lender for that amount.[1] *Id*.; ECF Nos. 33-2, 33-4.

---

[1] Lender asserts the right to amend a judgment in this amount to add

Guarantor asserts that summary judgment in favor of Lender is premature under Federal Rule of Civil Procedure 56(d) because the parties have not yet conducted discovery, and because Borrower's debt must be determined before Guarantor's may be determined. ECF No. 37. Guarantor also argues that Lender impermissibly seeks judgment against him at the same time as it pursues judicial foreclosure against Borrower. *Id*. Finally, Guarantor contends that he is entitled to advance Borrower's defenses, including that its performance under the Loan was impossible and must therefore be excused. *Id*.

Lender argues in rebuttal that summary judgment may issue under Rule 56(d) because the relevant facts are undisputed and discovery will not alter the factual and legal deficiencies of Guarantor's defense. ECF No. 42. It also argues that summary judgment against Guarantor is not precluded by its simultaneous pursuit of relief from Borrower—that the Loan's election of remedies section explicitly provides lender with the right to dual recovery efforts. *Id*. Lastly, Lender argues that the impossibility defense advanced by Guarantor does not excuse the separate event of default triggered by Borrower's filing for Bankruptcy protection. *Id*. It also argues that New York courts have routinely rejected Guarantor's argument that the economic

---

additional amounts to be calculated at the conclusion of its action against Borrower. ECF No. 52, PageID.2339, n.2.

hardship the COVID-19 pandemic imposed on many enterprises rendered performance of their contracts impossible.

## III.   Analysis

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). When evaluating a summary judgment motion, courts must construe the facts in the light most favorable to the non-movant. *Zakora v. Chrisman*, 44 F.4th 452, 464 (6th Cir. 2022).

"To recover on a guaranty, a plaintiff must come forward with evidence of the existence of the guaranty, the underlying debt and the guarantor's failure to perform under the guaranty." *Red Ft. Capital, Inc. v. Guardhouse Productions LLC*, 2022 WL 118637, at *4 (S.D.N.Y. Jan. 11, 2022) (quotation omitted) (applying NY law). Guarantor does not deny the existence of the Guaranty, nor does he contest the debt under the Loan. Guarantor seemingly argues that his failure to perform under the Guaranty may be excused because the Borrower's compliance with Loan terms was rendered impossible by the COVID-19 pandemic.

This argument fails for two reasons. First, New York law recognizes and enforces the unequivocal waivers of defenses routinely contained in

guarantees. *See Dresser-Rand Co. v. Pdvsa Petróleo, S.A.*, 2021 WL 2878936, at *2 (2d Cir. July 9, 2021). The Guaranty at issue here provides:

> *[T]he liabilities and obligations of the Guarantor to Lender* hereunder *shall not be reduced, discharged or released because of or by reason of any existing* or future right of offset, claim or *defense of Borrower* or Guarantor against Lender.

ECF No. 33-4, PageID.752-53 (emphasis added). Guarantor unequivocally waived the right to assert any of the Borrower's defenses under the terms of the Guaranty.

Although the Court need not address the merits of Guarantor's impossibility defense, that argument also fails. Courts applying New York law note that the "impossibility excuses a party's performance only when the destruction of the subject matter of the contract or the means of performance makes performance objectively impossible. Moreover, the impossibility must be produced by an unanticipated event that could not have been foreseen or guarded against in the contract." *Bay Plaza Community Center, LLC v. Bronx Vistasite Eyecare, Inc.*, 2021 WL 1794562, at *2 (N.Y. Sup. Ct. May 15, 2021) (quoting *Kel Kim Corp. v Cent. Markets, Inc.*, 524 NYS2d 384 (1987)) (quotation marks omitted).

New York courts, inundated with retailers, restaurants, and

gyms advancing the impossibility defense against their landlords' actions for rent, have nearly universally refused to find that the hardships imposed by the COVID-19 pandemic amount to impossibility so as to excuse performance. *See, e.g.*, *id.*; *Williamsburg Climbing Gym Co. v. Ronit Realty LLC*, 2022 WL 43753, at *3 (E.D.N.Y. Jan. 5, 2022); *Fives 160th, LLC v. Zhao*, 164 N.Y.S.3d 427, 439-40 (N.Y. App. Div. 2022); *558 Seventh Ave. Corp. v. Times Square Photo Inc.*, 149 N.Y.S.3d 55, 56 (N.Y. App. Div. 2021); *A/R Retail LLC v. Hugo Boss Retail, Inc.*, 149 N.Y.S.3d 808, 826 (N.Y. Sup. Ct. 2021); *45-47-49 Eighth Avenue LLC v. Conti*, 149 N.Y.S.3d 891 (N.Y. Sup. Ct. 2021); *35 East 75th Street Corp. v. Christian Louboutin L.L.C.*, 2020 WL 7315470, at *3 (N.Y. Sup. Ct. Dec. 9, 2020).

"[T]he Appellate Division . . . has consistently found that where a commercial tenant is able to continue its business in some form in spite of the restrictions brought on by the pandemic, impossibility of performance does not excuse a tenant's ability to pay rent." *133 E. 58th Street, LLC v. Honors New York Center for Bridge, Inc.*, 2022 WL 3446933, at *5 (N.Y. Sup. Ct. Aug. 15, 2022). That a defendant's business has suffered due to the pandemic is not a basis to invoke

impossibility; "the inability to turn a profit has never been recognized as a valid justification to excuse a tenant's failure to pay rent." *Bay Plaza,* 2021 WL 1794562, at *2. The adverse financial consequences, even insolvency or bankruptcy, caused by the temporary hardship of the COVID-19 pandemic do not demonstrate objective impossibility under a commercial lease. *See Williamsburg*, 2022 WL 43753, at *3; *Hugo Boss*, 149 N.Y.S.3d at 826.

Guarantor cites *267 Development, LLC v. Brooklyn Babies and Toddlers, LLC*, 2021 WL 963955 (N.Y. Sup. Ct. March 15, 2021), *vacated on other grounds*, 2022 WL 3105985 (N.Y. Sup. Aug. 1, 2022), to support its position that Borrower's (and, derivatively, his) performance was excused by the pandemic. Although the *Brooklyn Babies* court did find that the performance of the day care center's lease was made impossible by the pandemic, that case is distinguishable from the one at bar. *Id*. at *2. Brooklyn Babies' business was actually shutdown by the New York governor's executive orders issued in response to the COVID-19 pandemic. The ruling—that the landlord's action against its tenant was barred by the doctrine of impossibility "while the 'shut down' order [was] in effect"— makes clear that the government-mandated cessation of operation,

and not adverse economic fall-out from restricted operations, created the impossibility. *Id.* at *3. Here, as in the many New York cases cited above, the Property was never required to cease operation as a hotel during the pandemic. Hotels, even neighboring ones to the Property, could and did operate throughout the pandemic. The pandemic and the associated government restrictions dramatically shrank the Property's occupancy rate and revenue, but that financial hardship does not suffice to excuse Borrower's performance under the Loan. Guarantor does not dispute that the Property temporarily ceased operations not due to any government mandate, but due to the adverse economic conditions created by the pandemic. Thus, even if Guarantor could avail himself of the Borrower's defenses, the defense of impossibility would not apply.

Guarantor argues that summary judgment before he has had an opportunity to engage in discovery would be premature under Rule 56(d). Rule 56(b) of the Federal Rules of Civil Procedure permits either party to file a motion for summary judgment "at any time until 30 days after the close of discovery." "The Rule therefore "contemplates that a . . . party may move for summary judgment even before any discovery has been taken." *Zakora*, 44 F.4th at 479

(quotation omitted). But Rule 56(d) tempers this leniency by allowing the nonmovant to show by affidavit or declaration that discovery is needed. *Id.* (quoting *Abercrombie & Fitch Stores, Inc. v. Am. Eagle Outfitters, Inc.*, 280 F.3d 619, 627 (6th Cir. 2002)) (marks omitted). The defending party seeking such discovery must indicate in its affidavit what material facts it hopes to uncover and how the desired discovery would support its defenses to the motion. *Id.* "It is not enough to state that discovery is needed without explaining *why* it is needed." *Id.* at 480 (quotation omitted).

      Guarantor did not provide an affidavit or declaration to support his claim that he required discovery to defend against Lender's motion. Moreover, the facts for which he claims he needs discovery to reveal—which government restrictions impacted which hotel service and which potential customers failed to book rooms because of travel restrictions—would not be material and thus would not prove useful in defending against the motion for summary judgment. As discussed above, the fact that COVID-19 restrictions and the pandemic itself severely impacted the Property's business does not excuse Guarantor's performance; discovery of the particulars on how and how much the pandemic diminished the Property's business

would have no bearing on the Court's determination of this issue.

Guarantor's other arguments against Lender's motion for summary judgment are unavailing under the explicit terms of the Loan and/or the Guaranty. The Guaranty contravenes the Guarantor's position that his liability cannot be determined without first assessing Borrower's liability and that Lender may not pursue recovery under the Guaranty while the foreclosure proceeding is pending. The Guaranty is one

> of payment and not of collection and upon any default of Borrower under the Note, the Loan Agreement, the Security Instrument or the other Loan Documents, [and] *Lender may, at its option, proceed directly and at once, without notice, against Guarantor to collect and recover the full amount of the liability hereunder or any portion thereof, without proceeding against Borrower* or any other person, or foreclosing upon, selling, or otherwise disposing of or collecting or applying against any of the mortgaged property or other collateral for the Loan.

ECF No. 33-4, PageID.752, Section 1.9 of Guaranty (emphasis added). In addition, as discussed above, "the liabilities and obligations of the Guarantor to Lender shall not be reduced, discharged or released because of or by reason of any existing or future right of offset, claim or defense of Borrower or Guarantor against Lender . . . ." *Id.*, at PageID.752-53, Section 1.10 of Guaranty. Finally, the Loan itself provides that all or remedies available to

Lender under the Loan or at law or in equity may be exercised by Lender at any time, whether or not the debt was declared due and payable and whether or not Lender initiated any foreclosure proceeding or other action for the enforcement of its rights and remedies under the Loan. ECF No. 33-2, PageID.674-75, Section 7.2 of the Loan. "Any such actions taken by Lender shall be cumulative and concurrent and may be pursued independently, singly, successively, together or otherwise, at such time and in such order as Lender may determine in its sole discretion . . . ." *Id*.

In sum, Lender establishes that its motion for summary judgment should be granted as to liability. As is evident from Lender's own motion, however, questions remain relating to the calculation of damages. Lender seeks $22,383,615.13, the pre-petition amount Guarantor evidently acknowledged in a declaration in the Bankruptcy action, as the judgment amount. ECF No. 33. But the motion also asserts that Guarantor owes Lender $28,307,500.96 under the Loan and specifically articulates its intent to seek these additional amounts owed. *Id*. at PageID.573. The final amount owed by Guarantor is in dispute and cannot be ascertained on the record before the Court. *See CTI Clinical Trial Servs, Inc. v. Gilead Sciences., Inc.*, 2013 WL 1641348, at *20 (S.D. Ohio Apr. 16, 2013),

adopted, 2013 WL 2252973 (S.D. Ohio May 22, 2013). The Court thus finds that unresolved questions of fact preclude summary judgment as to damages.

## IV. Conclusion

For these reasons, Lender's motion for summary judgment against Guarantor is **GRANTED** as to liability only. The motion is **DENIED** without prejudice as to damages.

s/Shalina D. Kumar  
Shalina D. Kumar  
United States District Judge

Dated: December 20, 2022